## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEAN CARLOS SANCHEZ, on behalf of himself and other persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>IDT TELECOM, INC. d/b/a BOSS REVOLUTION,<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>    1. Negligent Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *ET SEQ*.]<br><br>    2. Willful Violations of the Telephone Consumer Protection Act [47 U.S.C. § 227, *ET SEQ*.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jean Carlos Sanchez brings this class action complaint and demand for jury trial against Defendant IDT Telecom, Inc. doing business as Boss Revolution ("IDT") to stop their practice of making unauthorized and unwanted text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.    IDT is the company behind the popular, international telecommunications service Boss Revolution.

2.    Consumers use Boss Revolution's mobile phone application ("app") and pre-paid, rechargeable phone cards to make international calls.

3.      Many low-income consumers cannot afford service plans with phone carriers that provide international call coverage. These consumers rely on companies like IDT for products and services that often provide them with the only feasible means of communicating with family members abroad.

4.      At the expense of consumers' time, money, and privacy, Defendant sends short message service ("SMS" or "text message") calls to consumers' cellular telephones. These messages unambiguously encourage the purchase of Defendant's products and services.

5.      Defendant does not obtain prior express written consent from consumers to make such text message calls and therefore violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

6.      As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

## PARTIES

7.      Plaintiff is an Illinois consumer.

8.      Defendant IDT is a New Jersey-based for-profit corporation. Defendant conducts business in Illinois and throughout the United States.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.*

10.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

11.     In April of 2018, Plaintiff received a text message at his cellular phone number, ending in -9065. The message read as follows:

> BRClub: Promo Exclusiva para
> Usuarios del App! Hoy 4/22 si hablas
> del app recibiras 20% EXTRA en re-
> cargas $5 a $100. Terminos aplican
> 800-676-8312. Stop=Cancelar

12.     Translated in English, this message reads:

> BRClub: Exclusive Promo for
> Users of the App! Today 4/22 if you speak
> of the app you will receive 20% EXTRA in re-
> charges $5 to $100. Terms apply
> 800-676-8312. Stop=Cancel

13.     Defendant sent the above text message to Plaintiff from SMS code "55350."

14.     Plaintiff never purchased products or services from Defendant.

15.     Plaintiff never downloaded Defendant's mobile application on his cellular phone.

16.     Plaintiff has received other similar text messages from Defendant.

17.     The above-described text messages were not addressed to Plaintiff by name and were written in an impersonal manner.

18.     Defendant sent the same (or substantially the same) generic telemarketing and/or advertising text messages at random through an automated system to Plaintiff and Class.

19.     Prior to sending these text messages, Defendant never informed Plaintiff and Class clearly, conspicuously, and in writing that they would receive recurring automated telemarketing and/or advertising text messages on their cellular phone.

20.     As such, Defendant never received the requisite consent to send the text messages at issue.

21.     The text message calls alleged herein were exclusively made by Defendant or on their behalf.

22.     Through their conduct, Defendant caused Class Members actual harm by sending the unauthorized text message calls at issue. Plaintiff and members of the Class were not only subjected to the aggravation that necessarily accompanies the receipt of unauthorized text messages, but also costs paid to their cell phone service providers for the receipt of such unauthorized text messages.

23.     Moreover, Plaintiff and members of the Class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Defendant's unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

24.     Defendant was and is aware that the above-described text messages were being sent on a widespread basis, and that the text messages were being sent to consumers who had not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

25.     **Class Definition:** Plaintiff Jean Carlos Sanchez brings this action on behalf of himself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendant, or someone on Defendant's behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice in connection with Defendant's marketing promotions.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26.     **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Upon information and belief, Defendant sent telemarketing and/or advertising text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

27.     **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant sent text messages to Class Members using an automated telephone dialing system ("ATDS"), as contemplated by the TCPA;

(c)     Whether Defendant systematically sent telemarketing and/or advertising text message calls to Class Members who did not previously provide it with prior express written consent to receive such text message calls; and

(d)     Whether Plaintiff and Class Members are entitled to treble damages based on the willfulness of Defendant's conduct.

28.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

29.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

30.     **Appropriateness**: This class action is also appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of

conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

31.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## CAUSE OF ACTION
**(Violation of 47 U.S.C. § 227, *et seq.* – Telephone Consumer Protection Act)**
**(on behalf of Plaintiff and the Class)**

32.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33.     In an effort to solicit consumers, Defendant sent unauthorized and unwanted telemarketing and/or advertising text message calls to Plaintiff and the Class's cellular telephones without their prior express written consent.

34.     Defendant sent the telemarketing and/or advertising text messages to Plaintiff and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse.*

35. Defendant utilized equipment that sent the telemarketing and/or advertising text messages to Plaintiff and other members of the putative Class simultaneously and without human intervention.

36. Defendant took steps to physically place such text message calls and/or was so involved in placing the calls as to be deemed to have initiated them.

37. By sending telemarketing and/or advertising text messages to Plaintiffs and members of the Class's cellular telephones without prior express written consent, as defined pursuant 47 U.S.C. § 64.1200(f)(8), and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(I)(A)(iii).

38. As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and have also had their rights to privacy adversely impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

39. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

40. Additionally, as a result of Defendant unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Jean Carlos Sanchez, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff Jean Carlos Sanchez as Class Representative and his attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that the telephone calling equipment utilized by Defendant constitutes an automated telephone dialing system under the TCPA;

(e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(f) An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Classes;

(g) Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

(h) Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ William H. Beaumont*

_____

Roberto Luis Costales
William H. Beaumont
BEAUMONT COSTALES LLC
3151 W. 26th Street, Second Floor
Chicago, Illinois 60623
Telephone: (773) 831-8000
Attorneys for Plaintiff
rlc@beaumontcostales.com
whb@beaumontcostales.com