## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEAN CARLOS SANCHEZ, <br><br>                 Plaintiff, <br><br> v. <br><br> IDT TELECOM, INC. d/b/a BOSS REVOLUTION <br><br>                 Defendant. | No.: 1:18-cv-03153 <br><br> Honorable Gary Feinerman |

### IDT TELECOM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

Defendant IDT Telecom, Inc. d/b/a Boss Revolution, by and through counsel, submits this Answer and Affirmative Defenses to Plaintiff Jean Carlos Sanchez's ("Plaintiff") putative Class Action Complaint (the "Complaint"), and states as follows:

### NATURE OF THE ACTION[1]

1.      IDT is the company behind the popular, international telecommunications service Boss Revolution.

**ANSWER:**  With respect to the allegations in Paragraph 1 of the Complaint ("paragraph 1"), IDT admits only that IDT is a company, which provides, among other services, the Boss Revolution Pinless service that allows for international telecommunications.  IDT denies the remaining allegations in paragraph 1.

2.      Consumers use Boss Revolution's mobile phone application ("app") and pre-paid, rechargeable phone cards to make international calls.

---

[1]    To the extent the introductory paragraph of the Complaint that precedes the heading "Nature of the Action" asserts allegations toward IDT, IDT admits only that Plaintiff purports to bring a class action complaint and demand for jury trial against IDT.  IDT denies that it violated the Telephone Consumer Protection Act ("TCPA") or any other law.

**ANSWER:**  With respect to paragraph 2, IDT admits only that consumers may use the Boss Revolution Mobile App and to make calls with the Boss Revolution Pinless service to certain international countries, among other services.  IDT denies all remaining allegations in paragraph 2.

3.     Many low-income consumers cannot afford service plans with phone carriers that provide international call coverage.  These consumers rely on companies like IDT for products and services that often provide them with the only feasible means of communicating with family members abroad.

**ANSWER:**  IDT is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 3 and, therefore, denies the allegations.

4.     At the expense of consumers' time, money, and privacy, Defendant sends short message service ("SMS" or "text message") calls to consumers' cellular telephones.  These messages unambiguously encourage the purchase of Defendant's products and services.

**ANSWER:**  With respect to paragraph 4, IDT admits only that it has placed calls and sent text messages to cellular telephone numbers for which it has received consent to call and/or send text messages, and which may include calls or text messages relating to the marketing of IDT's products and services.  IDT denies the remaining allegations in paragraph 4.

5.     Defendant does not obtain prior express written consent from consumers to make such text message calls and therefore violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:**  IDT denies the allegations in paragraph 5.

6.     As a result, Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this

Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

**ANSWER:** With respect to paragraph 6, IDT admits only that Plaintiff purports to seek relief on behalf of a putative class. IDT denies that this matter may be properly maintained as a class action under Rule 23 and denies the remaining allegations in paragraph 6.

PARTIES

7.    Plaintiff is an Illinois consumer.

**ANSWER:** IDT is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 7 and, therefore, denies the allegations.

8.    Defendant IDT is a New Jersey-based for-profit corporation. Defendant conducts business in Illinois and throughout the United States.

**ANSWER:** IDT admits the allegations in paragraph 8.

JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*.

**ANSWER:** With respect to paragraph 9, IDT admits only that this Court generally has jurisdiction over claims pursuant to 28 U.S.C §§ 1331 for claims arising under the TCPA. IDT denies that Plaintiff has properly alleged any such claim herein.

10.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District.

**ANSWER:** IDT admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-

(c) and 1441(a). [2]

## FACTUAL ALLEGATIONS

11.     In April of 2018, Plaintiff received a text message at his cellular phone number,

ending in -9065.  The message read as follows:

> BRClub: Promo Exclusiva para
> Usuarios del App! Hoy 4/22 si
> hablas del app recibiras 20% EXTRA en re-
> cargas $5 a $100. Terminos aplican
> 800-676-8312. Stop=Cancelar

**ANSWER:** IDT is without sufficient knowledge and/or information to form a belief as to the

truth of the allegations in paragraph 11 and, therefore, denies the allegations.

12.     Translated in English, this message reads:

> BRClub: Exclusive Promo for
> Users of the App! Today 4/22 if you speak
> of the app you will receive 20% EXTRA in re-
> charges $5 to $100. Terms apply
> 800-676-8312. Stop=Cancel

**ANSWER:** IDT admits the allegations in paragraph 12.

13.     Defendant sent the above text message to Plaintiff from SMS code "55350."

**ANSWER:** IDT admits the allegations in paragraph 13.

14.     Plaintiff never purchased products or services from Defendant.

**ANSWER:** IDT denies the allegations in paragraph 14.

15.     Plaintiff never downloaded Defendant's mobile application on his cellular phone.

---

[2]     Some or all of Plaintiff's purported causes of action may not be allowed to proceed as a
class action or may be subject to arbitration in accordance with the terms and conditions of the
account at issue in this matter. In filing this Answer, IDT does not waive and specifically
reserves the right to move to an individual claim in arbitration based on the contract(s) and
service terms and conditions Plaintiff entered into and agreed to with IDT.

**ANSWER**: IDT denies the allegations in paragraph 15.

     16.     Plaintiff has received other similar text messages from Defendant.

**ANSWER**: With respect to paragraph 16, IDT is without sufficient knowledge and/or information to form a belief as to the truth of what text messages Plaintiff is referring to or what text messages Plaintiff has received and, therefore, denies the allegations in paragraph 16.

     17.     The above-described text messages were not addressed to Plaintiff by name and were written in an impersonal manner.

**ANSWER**: IDT is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 17 and, therefore, denies the allegations.

     18.     Defendant sent the same (or substantially the same) generic telemarketing and/or advertising text messages at random through an automated system to Plaintiff and Class.

**ANSWER**: IDT denies the allegations in paragraph 18 and denies that this matter may be properly maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

     19.     Prior to sending these text messages, Defendant never informed Plaintiff and Class clearly, conspicuously, and in writing that they would receive recurring automated telemarketing and/or advertising text messages on their cellular phone.

**ANSWER**: IDT denies the allegations in paragraph 19 and denies that this matter may be properly maintained as a class action under Rule 23.

     20.     As such, Defendant never received the requisite consent to send the text messages at issue.

**ANSWER**: IDT denies the allegations in paragraph 20.

     21.     The text message calls alleged herein were exclusively made by Defendant or on their behalf.

**ANSWER**:  The allegations in paragraph 21 are too vague and ambiguous to require a response. To the extent a response is required, IDT is without sufficient knowledge and/or information to form a belief as to the truth of the allegations in paragraph 21 and, therefore, denies the allegations.

22.     Through their conduct, Defendant caused Class Members actual harm by sending the unauthorized text message calls at issue.  Plaintiff and members of the Class were not only subjected to the aggravation that necessarily accompanies the receipt of unauthorized text messages, but also costs paid to their cell phone service providers for the receipt of such unauthorized text messages.

**ANSWER**:  IDT denies the allegations in paragraph 22 and denies that this matter may be properly maintained as a class action under Rule 23.

23.     Moreover, Plaintiff and members of the Class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Defendant's unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

**ANSWER**:  IDT denies the allegations in paragraph 23 and denies that this matter may be properly maintained as a class action under Rule 23.

24.     Defendant was and is aware that the above-described text messages were being sent on a widespread basis, and that the text messages were being sent to consumers who had not provided prior express written consent to receive them.

**ANSWER:**  IDT denies the allegations in paragraph 24, and further denies that this matter may be properly maintained as a class action under Rule 23.

## CLASS ACTION ALLEGATIONS

25.     **Class Definition:** Plaintiff Jean Carlos Sanchez brings this action on behalf of himself and a class defined as follows:

> **Class:** All individuals in the United States whose wireless telephone number Defendant, or someone on Defendant's behalf, called using an automatic telephone dialing system or an artificial or prerecorded voice in connection with Defendant's marketing promotions.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

**ANSWER:**  With respect to the allegations in paragraph 25, IDT admits that Plaintiff purports to seek certification of a class under Rule 23 of the Federal Rules of Civil Procedure, but IDT denies that this matter may be properly maintained as a class action under Rule 23.  IDT denies the remaining allegations set forth in paragraph 25.

26.    **Numerosity:** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.  Upon information and belief, Defendant sent telemarketing and/or advertising text messages to thousands of consumers who fall into the definition of the Class.  Class members can be identified through Defendant's records.

**ANSWER:**  With respect to the allegations in paragraph 26, IDT admits that a class as defined in paragraph 25 would include thousands of individuals, but IDT denies that any such class exists herein.  IDT further admits that Plaintiff purports to seek certification of a class under Rule 23 of the Federal Rules of Civil Procedure, but IDT denies that this matter may be properly maintained as a class action under Rule 23.  IDT denies the remaining allegations in paragraph 26.

27.    **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include, but are not necessarily limited to the following:

(a)    Whether Defendant's conduct violated the TCPA;

(b)    Whether Defendant sent text messages to Class Members using an automated telephone dialing system ("ATDS"), as contemplated by the TCPA;

(c)    Whether Defendant systematically sent telemarketing and/or advertising text message calls to Class Members who did not previously provide it with prior express written consent to receive such text message calls; and

(d)    Whether Plaintiff and Class Members are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** IDT denies the allegations in paragraph 27 and each of its subparts.

28.    **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

**ANSWER:** IDT denies the allegations in paragraph 28 and denies that this matter may be properly maintained as a class action under Rule 23.

29.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

**ANSWER:** With respect to paragraph 29, IDT is without sufficient knowledge and/or information to form a belief as to the truth of the allegations and, therefore, IDT denies the allegations. IDT further denies that this matter may be properly maintained as a class action under Rule 23.

30.    **Appropriateness:** This class action is also appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the Class uniformly, and

Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**ANSWER:** IDT denies that this matter may be properly maintained as a class action under Rule 23 and denies the remaining allegations in paragraph 30. IDT further denies that it caused Plaintiff, or any purported class member, to suffer damages.

31.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

**ANSWER:** IDT denies the allegations in paragraph 31 and denies that this matter may be properly maintained as a class action under Rule 23.

### CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227, *et seq*. – Telephone Consumer Protection Act)
### (on behalf of Plaintiff and the Class)

32.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** IDT reasserts and incorporates by reference its responses to all of the foregoing paragraphs of this Complaint as though such were fully restated herein as and for its answer to paragraph 32.

33.     In an effort to solicit consumers, Defendant sent unauthorized and unwanted telemarketing and/or advertising text message calls to Plaintiff and the Class's cellular telephones without their prior express written consent.

- 10 -

**ANSWER:** IDT denies the allegations in paragraph 33 and denies that this matter may be properly maintained as a class action under Rule 23.

34. Defendant sent the telemarketing and/or advertising text messages to Plaintiff and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers en masse.

**ANSWER:** IDT denies the allegations in paragraph 34. IDT further denies that this matter may be properly maintained as a class action under Rule 23.

35. Defendant utilized equipment that sent the telemarketing and/or advertising text messages to Plaintiff and other members of the putative Class simultaneously and without human intervention.

**ANSWER:** IDT denies the allegations in paragraph 35 and denies that this matter may be properly maintained as a class action under Rule 23.

36. Defendant took steps to physically place such text message calls and/or was so involved in placing the calls as to be deemed to have initiated them.

**ANSWER:** The allegations in paragraph 36 are too vague to require a response. To the extent a response is required, IDT denies the allegations in paragraph 36.

37. By sending telemarketing and/or advertising text messages to Plaintiffs and members of the Class's cellular telephones without prior express written consent, as defined pursuant 47 U.S.C. § 64.1200(f)(8), and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(I)(A)(iii).

**ANSWER:** IDT denies the allegations in paragraph 37 and denies that this matter may be properly maintained as a class action under Rule 23.

38.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and have also had their rights to privacy adversely impacted.  Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

**ANSWER:**  IDT denies the allegations in paragraph 38 and denies that this matter may be properly maintained as a class action under Rule 23.

39.     Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

**ANSWER:**  IDT denies the allegations in paragraph 39 and denies that this matter may be properly maintained as a class action under Rule 23.

40.     Additionally, as a result of Defendant [sic] unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

**ANSWER:**  IDT denies the allegations in paragraph 40.  IDT further denies that Plaintiff is entitled to any of the relief requested in the Wherefore clause and each of its subparts that follows paragraph 40.  IDT admits that Plaintiff purports to request a trial by jury under the "Jury Demand" heading that follows paragraph 40.

## GENERAL DENIAL

IDT Telecom, Inc. hereby denies any allegations in the Complaint that are not expressly admitted in the preceding paragraphs.

## IDT TELECOM, INC.'S AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no actual injury and therefore has no standing to bring a statutory claim pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

3.      Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to receive telephone calls and text messages from IDT on the phone number at issue.[3]

4.      Plaintiff's purported causes of action are not allowed to proceed within the United States District Court system or as a class action as IDT possesses the contractual right to move this action to an individual claim in arbitration based on the contract(s) and service terms and conditions Plaintiff entered into and agreed to with IDT.

5.      The Court may not exercise personal jurisdiction over IDT with respect to the claims of non-Illinois-resident class members.  *See Bristol-Myers Squibb Co. v. Superior Court of California, SanFrancisco Cty.*, 137 S. Ct. 1773 (2017).  Because the non-residents' claims do not relate to IDT's contacts with Illinois, the Court's exercise of specific personal jurisdiction over IDT with respect to those claims would violate Defendant's due process rights.

6.      Plaintiff's and the purported class members' claims are barred, in whole or in part, by estoppel, waiver, and/or laches.

7.      Plaintiff's and the purported class members' claims are barred by the doctrine of unclean hands.

8.      Some or all of Plaintiff's and the purported class members' claims may be barred by the applicable statute of limitations.

---

[3]      *See Reyes v. Lincoln Auto. Fin. Servs.*, 861 F.3d 51, 56 (2d Cir. 2017) ("[T]he TCPA does not permit a party who agrees to be contacted as part of a bargained-for exchange to unilaterally revoke that consent.").

9. Each and every act by IDT complained of in this Complaint was justified, proper, legal, fair, and not done in degradation of Plaintiff's or the purported class's rights or legal interests.

10. IDT at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding or limiting any recovery by Plaintiff against IDT.

11. Interpretations of the TCPA upon which the Complaint is based are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of the Fourteenth Amendment to the United States Constitution.

12. To the extent that any relief sought by Plaintiff would be duplicative of relief sought by other plaintiffs in other lawsuits, subjecting IDT to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

13. In the event that a settlement is reached between the Plaintiff or any purported class member and any other person or entity, IDT is entitled to any settlement credits permitted by law.

14. Any loss, injury, damage, or detriment Plaintiff or the purported class may have suffered was directly and proximately caused and contributed to by Plaintiff's or the purported class's own breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct and not by IDT.

15. Any loss, injury, damage, or detriment Plaintiff or the purported class may have suffered was directly and proximately caused and contributed to by the conduct, acts, omissions,

activities, carelessness, recklessness, negligence, and/or intentional misconduct of others and not by IDT.

16.     Plaintiff has failed, refused, and /or neglected to take reasonable steps to mitigate Plaintiff's alleged damages, if any, thus barring or diminishing any recovery by Plaintiff.

17.     IDT reserves the right to assert additional defenses in the event discovery indicates that they may be appropriate.

WHEREFORE IDT Telecom, Inc. respectfully requests that this Court enter an order: (1) denying the relief requested by Plaintiff's Complaint; (2) dismissing the action in its entirety with prejudice; (3) awarding IDT costs of suit and expenses incurred herein; and (4) granting IDT such further relief as is just and proper.

Dated:  June 20, 2018                          Respectfully submitted,

                                               IDT Telecom, Inc. d/b/a Boss Revolution

                                               By:  */s/ Karen E. Vaysman*
                                                    James A. Rolfes (SBN 6200271)
                                                    jrolfes@reedsmith.com
                                                    Christopher R. Murphy (SBN 6302607)
                                                    crmurphy@reedsmith.com
                                                    Karen E. Vaysman (SBN 6327730)
                                                    kvaysman@reedsmith.com
                                                    REED SMITH LLP
                                                    10 South Wacker Drive
                                                    Chicago, IL  60606-7507
                                                    Telephone: 1.312.207.1000
                                                    Facsimile: 1.312.207.6400

                                                    *Counsel for Defendant*
                                                    *IDT Telecom, Inc. d/b/a Boss Revolution*

## CERTIFICATE OF SERVICE

I, Karen E. Vaysman, an attorney, hereby certify that on June 20, 2018, the foregoing **IDT Telecom, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint** was electronically filed using the CM/ECF system which will send notification of such filing to all parties of record in the above-captioned matter.

> /s/ Karen E. Vaysman
> Karen E. Vaysman - #6327730
> Reed Smith LLP
> 10 S. Wacker Dr., 40th Floor
> Chicago, IL 60606
> (312) 207-1000
>
> *Counsel for Defendant*
> *IDT Telecom, Inc. d/b/a Boss Revolution*

- 16 -